Filed 2/19/15  Iskanian v. CLS Transportation Los Angeles CA2/2
Opinion following remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ARSHAVIR ISKANIAN, | B235158 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC356521) |
| CLS TRANSPORTATION LOS ANGELES, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Robert Hess, Judge.  Reversed in part and remanded with directions.

Capstone Law, Glenn Danas; Initiative Legal Group, Raul Perez for Plaintiff and Appellant.

Fox Rothschild, David F. Faustman, Yesenia M. Gallegos, Namal Tantula for Defendant and Respondent.

_____

In August 2011, Arshavir Iskanian appealed a trial court order requiring him to arbitrate claims brought against his former employer, CLS Transportation Los Angeles LLC (CLS). The order also dismissed class claims. The trial court based its decision granting CLS's motion to compel arbitration on an employment agreement that contained a class and representative action waiver and also provided that "any and all claims" arising out of Iskanian's employment were to be submitted to binding arbitration before a neutral arbitrator.

The operative first amended complaint alleged seven causes of action for Labor Code violations and an unfair competition law claim (UCL) (Bus. & Prof. Code, § 17200 et seq.). Iskanian brought his claims as an individual, as a putative class representative,[1] and (with respect to the Labor Code claims) in a representative capacity under the Labor Code Private Attorneys General Act of 2004 (the PAGA, Labor Code section 2698 et seq.).

In a now depublished opinion (*Iskanian v. CLS Transportation Los Angeles, LLC* (Jun. 4, 2012, B235158) [opn. ordered nonpub. Sep. 19, 1012]), we affirmed the trial court's order, finding that the trial court properly enforced the arbitration agreement according to its terms. We held, among other things, that *AT&T Mobility LLC v. Concepcion* (2011) __ U.S. __ [131 S. Ct. 1740] (*Concepcion*) abrogated the test enunciated in *Gentry v. Superior Court* (2007) 42 Cal.4th 443 (*Gentry*), which, under certain circumstances, permitted a trial court to invalidate a class arbitration waiver so that employees could "'vindicate [their] unwaivable rights'" through class arbitration. (*Gentry*, at p. 463.) We determined that *Concepcion*, *supra*, 131 S.Ct. at pages 1750-1751, rejected the concept that class arbitration procedures should be imposed on a party who never agreed to them. We further found that the arbitration agreement properly prohibited representative claims, and that while Iskanian could pursue individual PAGA

---

[1] The case was certified as a class action in October 2009.

2

claims in arbitration, he could not do so in a representative capacity. Finally, we agreed with the trial court that CLS had not waived its right to arbitrate.

Subsequently, our Supreme Court granted review, and in June 2014 it issued *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*). In *Iskanian*, the Supreme Court found that, pursuant to *Concepcion*, the Federal Arbitration Act (FAA) prevented states from promoting procedures incompatible with arbitration, and that *Gentry* violated this principle by prohibiting class waivers when "'a class arbitration is likely to be a significantly more effective practical means of vindicating the rights of the affected employees than individual litigation or arbitration . . . .'" (*Id.* at p. 366, quoting *Gentry*, *supra*, 42 Cal.4th 443, 463.) The Supreme Court also determined that CLS had not waived its right to arbitration. (*Iskanian*, *supra*, 59 Cal.4th at p. 374.)

The Supreme Court reversed this Court's judgment, however, holding that the FAA did not preempt a state law rule prohibiting waiver of PAGA representative actions. (*Iskanian*, *supra*, 59 Cal.4th at pp. 388-389.) The Supreme Court found that a PAGA representative action, in which an employee files suit on behalf of the state, and in which 75 percent of recovered civil penalties goes to the Labor and Workforce Development Agency, is a type of qui tam action. (*Iskanian*, at pp. 380-382.) It determined that under state law, an employee's right to bring a PAGA action is unwaivable, noting that "an agreement by employees to waive their right to bring a PAGA action serves to disable one of the primary mechanisms for enforcing the Labor Code." (*Iskanian*, at p. 383.) Furthermore, a prohibition of representative claims would frustrate the PAGA's objectives, since "'a single-claimant arbitration under the PAGA for individual penalties will not result in the penalties contemplated under the PAGA to punish and deter employer practices that violate the rights of numerous employees under the Labor Code.'" (*Iskanian*, at pp. 383-384.)

The court further determined that a rule against representative PAGA waivers was not preempted by the FAA, since "the FAA aims to ensure an efficient forum for the resolution of *private* disputes, whereas a PAGA action is a dispute between an employer and the state [Labor and Workforce Development] Agency." (*Iskanian*, *supra*, 59 Cal.4th

3

at p. 384.) Because a PAGA claim is not a dispute between and employer and employee arising out of their contractual relationship, it lies outside of the FAA's coverage. (*Iskanian*, at p. 386.) "Representative actions under the PAGA, unlike class action suits for damages, do not displace the bilateral arbitration of private disputes between employers and employees over their respective rights and obligations toward each other. Instead, they directly enforce *the state's* interest in penalizing and deterring employers who violate California's labor laws." (*Iskanian*, at p. 387.)

## DISCUSSION

The Supreme Court in *Iskanian*, having concluded that Iskanian's representative claim was not waivable but that the agreement between Iskanian and CLS was otherwise enforceable according to its terms, found that Iskanian must proceed with bilateral arbitration on individual damages claims, while CLS must respond to representative PAGA claims. (*Iskanian*, *supra*, 59 Cal.4th at p. 391.) The court then raised a number of questions to be decided following remand: "(1) Will the parties agree on a single forum for resolving the PAGA claim and the other claims? (2) If not, is it appropriate to bifurcate the claims, with individual claims going to arbitration and the representative PAGA claim going to litigation? (3) If such bifurcation occurs, should the arbitration be stayed pursuant to Code of Civil Procedure section 1281.2?" (*Iskanian*, at pp. 391-392.) In addition, the court stated: "The parties may also address CLS's contention that the PAGA claims are time-barred, as well as Iskanian's response that CLS has forfeited this contention and cannot raise it on appeal." (*Id.* at p. 392.)

In August 2014, pursuant to Government Code section 68081, we requested that the parties address in letter briefs "the preliminary question of whether any or all of these issues are best now addressed in the Court of Appeal or in the trial court." In separate briefs, both parties responded that these matters should be addressed in the trial court. As stated in the letter from Iskanian's counsel, "All of these issues will involve fact-specific determinations that the trial court is best-suited to make in the first instance." We agree, and remand to the trial court so that these issues may be determined.

4

**DISPOSITION**

The June 13, 2011 order granting defendant's motion to compel arbitration and dismissing class claims is reversed in part, as explained in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348. On remand, the parties shall brief and the trial court shall decide the following issues: (1) Will the parties agree on a single forum for resolving the PAGA claim and the other claims? (2) If not, is it appropriate to bifurcate the claims, with individual claims going to arbitration and the representative PAGA claim going to litigation? (3) If such bifurcation occurs, should the arbitration be stayed pursuant to Code of Civil Procedure section 1281.2? (4) Has CLS forfeited the contention that the PAGA claims are time-barred, and, if not, are the claims time-barred?

The trial court shall also determine whether either party is entitled to recover fees and costs on appeal, and, if so, the proper amount of such recovery.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

5